# Appendix A

ELECTRONICALLY FILED
2022 Mar 15 PM 3:11
CLERK OF THE SALINE COUNTY DISTRICT COURT
CASE NUMBER: 2022-CV-000059-CE

Tim LePage

vs.

City of Salina et. al.

SUMMONS

## Chapter 60 - Service by Attorney or Process Server

To the above-named Defendant/Respondent:

**City of Salina**
**300 W. Ash St., Room 206**
**Salina, KS 67401**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Larry Michel
119 W. Iron Ave.
7th Floor
Salina, KS 67402-2567

within 21 days after service of summons on you.



Clerk of the District Court
Electronically signed on 03/15/2022 03:43:42 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2022 Mar 15 PM 3:11
CLERK OF THE SALINE COUNTY DISTRICT COURT
CASE NUMBER: 2022-CV-000059-CE

KENNEDY BERKLEY
119 West Iron, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
T:	(785) 825-4674
F:	(785) 825-5936

## IN THE DISTRICT COURT OF SALINE COUNTY, KANSAS

| | | |
|---|---|---|
| **TIM LEPAGE** | **Plaintiff** )<br>) | |
| vs. | )<br>) | Case No. 2022-CV-000 |
| **CITY OF SALINA and**<br>**LARRY MULLIKIN** | )<br>)<br>)<br>) | |
| | **Defendants** )<br>) | |

*(Proceedings Pursuant to K.S.A. Chapter 60)*

### PETITION

Plaintiff, Tim LePage ("Tim"), for his cause of action against Defendants, City of Salina ("City") and Larry Mullikin ("Mullikin"), states and alleges as follows:

**Parties**

1. Tim is a resident of the State of Kansas and resides in Ottawa County.

2. The City is a Kansas municipality and may be served with process by serving the City Clerk, at 300 W. Ash, Room 206, Salina, Saline County, Kansas, 67401.

3. Mullikin is a resident of Sedgwick County, Kansas and may be served with process at 13804 E. Watson Street, Wichita, Sedgwick County, Kansas, 67230.

**Jurisdiction**

4. The Court has jurisdiction over the parties and subject matter of this action.

*Tim LePage vs. City of Salina and Mullikin*
*Petition*
*Case No.  2022-CV-000*
*Page 2*

**Venue**

5. Venue for this action is proper in the Saline County District Court pursuant to K.S.A. § 60-603, as the cause of action arose in that county.

**Allegations of Fact**

6. Tim is a 51-year-old man who was beginning in 1999 employed by the Salina Fire Department ("SFD"), which is a department of the City.  He was considered a good officer, most recently holding the rank of Captain.

7. In late 2019, Tim discovered that his supervisor and other high-ranking officers of the SFD had been falsifying time records, including failing to report when they took vacation.  Not only did this result in the officers being paid for time they did not work, but these actions also caused increased overtime paid to other officers who had to cover the missed shifts.

8. Tim felt morally obligated to report this wrongdoing to the City on or about October 14, 2019.  He then met with Natalie Fischer and Jacob Wood regarding the matter on November 21, 2019.  Ms. Fischer is the director of human resources for the City and Mr. Wood is the deputy city manager.  Much to Tim's surprise, no meaningful action was taken on his complaint and the subject wrongdoing continued.

9. Although Tim did not experience any direct retaliation at that time, comments made by co-workers led him to believe that his report to the City had been disclosed.  This potential disclosure and uncertainty resulted in stress and anxiety for Tim and he periodically attempted to communicate with Ms. Fischer and/or Mr. Wood regarding the status of the situation.

10. Over six months later, no action by the City had been taken to address the wrongdoing reported by Tim.  He therefore consulted with legal counsel to assist him with this situation.

*Tim LePage vs. City of Salina and Mullikin*
Petition
Case No. 2022-CV-000
Page 3

      11.   Tim's attorney contacted the City's attorney, Greg Bengtson to inquire as to the matter. Tim and his attorney then met with Mike Schrage, the City Manager, and Mr. Bengtson on May 8, 2020. Mr. Schrage blamed the delay on the pandemic and other issues. Nevertheless, he anticipated some kind of meaningful movement forward within 30 days.

      12.   Contrary to Mr. Schrage's representation, no meaningful action was taken, and the misuse of City funds continued into the summer. Tim disclosed to Mr. Wood on or about July 20 that an officer had been late to a fire because he was "double dipping" and doing training for Saline County while on the City payroll. In addition, Tim was also aware that the same officer had taken 5 days in late June/early July for which he was paid. Tim also expressed concern that this same officer may have allowed his son, a SFD employee, to call in sick when the son was actually at the lake.

      13.   As a result of the continuing wrongdoing and uncertainty about how the City was reacting, Tim was feeling a great deal of stress and discomfort, which was growing worse with time.

      14.   Because no action had been taken, Tim's attorney sent an email to Mr. Bengtson on July 29, 2020, requesting an update, noting the representation that action would be taken in 30 days and confirming the recent instances of misconduct that had been reported by Tim.

      15.   Due to the significant wrongdoing and misuse of public funds, Tim felt compelled to go directly to the City Commission or law enforcement if action was not taken.

      16.   On August 6, Mr. Bengtson reassured Tim and his attorney that the situation was being taken seriously but that it required time. He also expressed appreciation to Tim for his report and that the City intended to make significant progress in the near future.

*Tim LePage vs. City of Salina and Mullikin*
Petition
Case No.  2022-CV-000
Page 4

17. Over the next several months, Tim continued to communicate with Mr. Wood regarding his concerns about ongoing and continuing misconduct.  In addition, Tim described to Mr. Wood the amount of stress the situation was placing on him.

18. In October of 2020, Tim and his attorney were again told by City representatives that the investigation was proceeding but that no details could be disclosed.

19. Almost 6 months later, the City asked Tim to speak to a third-party expert and City staff to discuss his concerns.  At that time, it became apparent that Tim's actions had been disclosed to SFD officers.  In a conversation around that time, Mr. Wood told Tim that the staff at the SFD had been "out to get him" for a long time.

20. On March 29, 2021, Tim was called into a meeting with SFD staff where Tim was advised that they were looking at termination or demotion and that Ms. Fischer agreed with them.  This meeting was recorded by Tim.

21. Tim notified Ms. Fischer of the hostile work environment and he was placed on administrative leave effective April 1, 2021.  Ironically, none of the actual wrongdoers reported by Tim had been placed on leave or disciplined.

22. Based on the circumstances set forth above, Tim's continued employment was untenable, and he reasonably felt compelled to leave his career with the SFD as a constructive discharge.  The facts reveal a clear decision by the City to retaliate against Tim for bringing the wrongdoing to light rather than take meaningful action against the culpable parties.  He therefore involuntarily retired effective the end of June 2021.

23. Due to the lack of action by the City, Tim eventually disclosed the wrongdoing at the SFD to KWCH Channel 12 News.  He also notified the Salina City Commission that he would be willing to visit with them, but that opportunity was not provided.

Case 5:22-cv-04020-JAR-TJJ   Document 1-1   Filed 04/15/22   Page 7 of 9

*Tim LePage vs. City of Salina and Mullikin*
Petition
Case No.  2022-CV-000
Page 5

24. In response to the coverage by Channel 12 News, Tim was subjected to further retaliation, including defamatory statements by former SFD Chief Mullikin.  In social media postings and other communications, Mullikin stated that Tim's actions were motivated by jealousy and envy, that he concocted this situation and that his leadership and attitude suffered greatly. These statements were made in spite of Mullikin's expressed willingness to provide Tim a "glowing recommendation" several months prior to the coverage by Channel 12.

25. Mr. Schrage emailed a copy of Mullikin's comments to the Salina City Commission on August 7, 2021.  The City has never disclaimed these comments by Mullikin, and it appears that it either authorized them or has endorsed, ratified, or adopted Mr. Mullikin's defamation of Tim.

26. As a result of the actions by the City and Mullikin, Tim has suffered embarrassment, emotional pain and suffering, lost income and benefits and other damages.

**Theories of Recovery**

## COUNT I
## WHISTLEBLOWER PROTECTION

27. Tim re-alleges and incorporates herein the allegations contained in paragraphs 1 through 26 above.

28. The City constructively discharged Tim in retaliation for the good faith reporting of a serious infraction of the law in violation of Kansas common law.

29. Tim is entitled to damages arising from the City constructive discharge of his employment.

## COUNT II
## FAIR LABOR STANDARDS ACT

30. Tim re-alleges and incorporates herein the allegations contained in paragraphs 1 through 29 above.

*Tim LePage vs. City of Salina and Mullikin*
Petition
Case No.  2022-CV-000
Page 6

31. The City's constructive discharge of Tim for reporting possible violations of wage and hour law constitutes a violation of the Fair Labor Standards Act and entitles him to damages.

### COUNT III
### DEFAMATION

32. Tim re-allege and incorporate herein the allegations contained in paragraphs 1 through 31 above.

33. Tim is entitled to recover damages from the City and Mullikin for the defamatory statements set forth above.

WHEREFORE, Tim respectfully requests judgment in his favor and against the City and Mullikin in an amount in excess of $75,000.00. That the costs of this action be assessed against the City and Mullikin; and, for such other and further relief as the Court finds to be just and equitable under the circumstances.

/s/ Larry G. Michel     #14067
KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHTD.
119 W. Iron Avenue, 7th Floor
PO Box 2567
Salina, KS 67402-2567
T:   (785) 825-4674
F:   (785) 825-5936
E:   lmichel@kenberk.com
*Attorney for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCES AND TRIAL BY JURY OF TWELVE

Tim hereby expressly requests that the Court conduct a Pretrial Conference herein upon completion of discovery and prior to trial; pursuant to Supreme Court Rule 140 and K.S.A. § 60-216; and that all issues of fact, triable as a matter of right to a jury under K.S.A. § 60-238, the Seventh Amendment to the United States Constitution, and Section 5 of the Bill of Rights to the Kansas Constitution, be tried to a jury of twelve.

                                                  /s/ Larry G. Michel

Case 5:22-cv-04020-JAR-TJJ   Document 1-1   Filed 04/15/22   Page 9 of 9

*Tim LePage vs. City of Salina and Mullikin*
*Petition*
*Case No. 2022-CV-000*
*Page 7*